# UNITED STATES DISTRICT COURT
District of _____

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | |
| IVEY MARIE VAN VOAST | Case Number: 1:08cr97 KS-RHW-1 |
| | USM Number: 15086-043 |
| | John Weber |
| | Defendant's Attorney |

**Date of Original Judgment:** 2/20/2009
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ■ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ■ pleaded guilty to count(s) One-Count Bill of Information
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. § 1029(a)(5) | Access Device Fraud | 12/10/2007 | 1 |

The defendant is sentenced as provided in pages 2 _____ 7 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 17, 2009
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Keith Starrett, United States District Judge
Name and Title of Judge

4-20-2011
Date

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
        Sheet 2 — Imprisonment
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   2   of   7  

DEFENDANT:    Ivey Marie Van Voast
CASE NUMBER:   1:08cr97 KS-RHW-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

      48 months

■ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends designation to an institution closest to the defendant's home for which she is eligible.
The Court recommends the defendant participate in the Bureau of Prisons 500-hour substance abuse program.

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __3__ of __7__

DEFENDANT: Ivey Marie Van Voast
CASE NUMBER: 1:08cr97 KS-RHW-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
    3 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ■ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ■ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __7__

DEFENDANT:        Ivey Marie Van Voast
CASE NUMBER:      1:08cr97 KS-RHW-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall abstain from the use of alcohol and illicit drugs.

2. The defendant shall not use any mood altering substances, including prescribed medication, without permission of the Probation Office.

3. The defendant shall provide the Probation Office with access to any requested financial information.

4. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the U.S. Probation Office unless the defendant is in compliance with the installment payment schedule.

5. The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation office, until such time as the defendant is released from the program by the probation office. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation office.

6. The defendant shall participate in a program of mental health treatment, as directed by the probation office, until such time as the defendant is released from the program by the probation office.

7. The defendant shall pay restitution that is imposed by this judgment.

8. The defendant shall participate in any re-entry program operated by this district or any other district to which she is released, and comply with all of the terms and conditions of said program as they now exist or are amended.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties                                         (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  5  of  7

DEFENDANT: Ivey Marie Van Voast
CASE NUMBER: 1:08cr97 KS-RHW-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $        | $ 71,132.44     |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

■ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Capital One Bank<br>Attn: Allyson Bowling,<br>Law Enforcement<br>1500 Capital One Drive<br>Richmond, VA 23238<br>Capital One Visa -<br>#4003-4470-1534-9170 | $787.16 | $787.16 | |
| Chase Bank<br>Attn: Gerry Walling<br>150 West University Drive<br>Tempe, AZ  85381<br>Chase Visa -<br>#4366 1730 0094 9516 | $9,696.04 | $9,696.04 | |
| Elsa Perkinson<br>113 Forest Street<br>Pass Christian, MS 39571 | $7,637.66 | $7,637.66 | |
| **TOTALS** | $ 71,132.44 | $ 71,132.44 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ■ the interest requirement is waived for   ☐ fine   ■ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C     (Rev. 06/05) Amended Judgment in a Criminal Case
             Sheet 5B — Criminal Monetary Penalties                                                             (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 6 of 7

DEFENDANT:        Ivey Marie Van Voast
CASE NUMBER:    1:08cr97 KS-RHW-1

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Citigroup Card Services, Inc. | | | |
| Attn: David McDermott, Senior Investigator | | | |
| 6460 Las Colinas Blvd. | | | |
| Irving, TX 75039 | | | |
| Sears Master Card #5049 9401 7388 2365 | $7,459.76 | $7,459.76 | |
| Sears Master Card #5949 9401 7388 2506 | $4,729.93 | $4,729.93 | |
| Sears Master Card #5121 0750 6772 1071 | $11,940.54 | $11,940.54 | |
| Sears Master Card #121 0797 2109 3646 | $955.13 | $955.13 | |
| | | | |
| GE Money Bank/Wal-Mart | | | |
| Attn: Leah Mason, Fraud specialist | | | |
| P. O. Box 960023 | | | |
| Orlando, FL 32896 | | | |
| Wal-Mart Credit Card #6032 2035 5299 533 | $1,651.69 | $1,651.69 | |
| | | | |
| American Express Global Security | | | |
| 2000 First Drive, Suite 250 | | | |
| Marietta, GA 30062 | | | |
| American Express Card #3772 209050 01003 | $4,802.81 | $4,802.81 | |
| | | | |
| Restitution Department | $7,195.90 | $7,195.90 | |
| Discover Financial Services LLC | | | |
| RE: Card #6011 0067 6589 6049 | | | |
| P. O. Box 15048 | | | |
| Wilmington, DE 19850-5048 | | | |
| | | | |
| Rooms to Go | | | |
| Attn: Joyce Obedzinski | | | |
| 1540 Hwy. 92 East | | | |
| Seffner, FL 33584 | | | |
| Rooms To Go Credit Card #6019 1912 0067 6065 | $6,280.76 | $6,280.76 | |
| | | | |
| Wachovia Bank * | $7,995.06 * | $7.995.06 * | |
| Mail Code NC 0290 | | | |
| 1525 West W.T. Harris Blvd. | | | |
| Charlotte, NC 28262 | | | |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

Case 1:08-cr-00097-KS-RHW Document 20 Filed 04/20/11 Page 7 of 7

Judgment — Page 7 of 7

DEFENDANT: Ivey Marie Van Voast
CASE NUMBER: 1:08cr97 KS-RHW-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ■ Lump sum payment of $ 71,232.44*  due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ■ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ■ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ■ Special instructions regarding the payment of criminal monetary penalties:

Restitution is to be paid immediately and while the defendant is in custody, with any unpaid balance to be paid at the rate of $200 per month, beginning 30 days after the defendant's release from custody.


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.



☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.